IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PATRICK J. RHODES, JR.** )<br>)<br>*Plaintiff* )<br>)<br>) Case 1:11-cv-01994<br>)<br>v. ) Judge: Rosemary M. Collyer<br>**JOHN D WIMSATT** )<br>)<br>*Defendant* ) | |

## REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT FOR LACK OF VENUE

COMES NOW the Defendant, John D. Wimsatt, *pro se*, and for his Reply to Plaintiff's Opposition to his Motion to Dismiss for Lack of Venue states as follows:

The Opposition is wrong on the facts and, as a legal matter, confuses the issue of jurisdiction with the issue of venue.

### WRONG ON THE FACTS

*Place of Execution*: The Opposition claims, without any affidavit or evidence, that I executed the Promissory Note in the District of Columbia. I do not know where I signed it and that was at a time when I was spending a good deal of time in Florida. The Plaintiff was not present when I signed it. I put the April 30 date by my signature merely to match the date on the check. It looks like he did the same thing.

*My Residence*. I have already submitted an affidavit swearing that I have resided in Maryland at the address where I was served since October 2010. The Plaintiff attempts to cast doubt on that fact by submitting incompetent, and in any event, irrelevant, evidence claiming that I am the sole owner of the residence on Rittenhouse Street in Washington DC. It seeks to prove ownership with only a printout of a real estate tax record. Tax records are not evidence of ownership and often list only one owner when there are multiple owners. Attached as **Exhibit A** is a copy of the deed to that residence showing ownership by me and my wife as tenants by the entirety. I have been officially separated from my wife since October 2010 when I took up residence in Maryland. I reaffirm my original affidavit. My ownership interest in real estate may have relevance to the issue of jurisdiction but has no relevance to venue.

**RECEIVED**

JAN 17 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## WRONG ON THE LAW

The cases cited by Plaintiff are not venue cases. They are minimum contacts jurisdiction cases. I have established, and Plaintiff has failed to disprove, the fact that I resided where I was served in Maryland at the time this case was filed and at all relevant times. If venue were to be in the District of Columbia it could only be based on establishment that a "substantial part" of the relevant facts occurred District of Columbia [28 USC § 1391 (a)(1)], a far higher hurdle than the establishment of minimum contacts for jurisdiction. As set forth in my Affidavit attached as **Exhibit B**, all of the meetings between me and the plaintiff occurred either in Virginia or in Maryland. In fact the Plaintiff never set foot in the District of Columbia with regard to this matter. He submits a letter showing that he mailed the check to me at a District of Columbia address and submits a copy of the front of that check. If he submitted a copy of the back of that check it would be seen that the check was deposited in the state of Maryland in a Maryland account in a Maryland bank, as confirmed in my Affidavit. The only evidence of the place of execution of the note is the Plaintiff's naked say-so, not even supported by an affidavit. Certainly he did not come to the District of Columbia to sign it and as stated in my affidavit I do not recall where I signed my portion of the document.

## CONCLUSION

I am a Maryland resident and a substantial portion of the facts did NOT occur in the District of Columbia Therefore there is no venue in the District of Columbia.

RESPECTFULLY SUBMITTED,

_/s/ John D. Wimsatt_
John D. Wimsatt, pro se
18002 Mill Creek Dr
Derwood MD 20855
(301) 926 7869
jackwimsatt@gmail.com

## STATEMENT OF POINTS AND AUTHORITIES

28 USC § 1391 (a)(1).

_/s/ John D. Wimsatt_
John D. Wimsatt

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Reply on counsel for Plaintiff by mailing a copy thereof on January 17, 2012 by first class mail, postage prepaid to:

Kerry C. Raymon Esquire
Tamara B. Goorevitz, Esquire
Franklin & Prokopik
The B&O Building
Two N. Charles St., Suite 600
Baltimore MD 21201

John D Wimsatt

Our Case #10,178D
D.C. CODE DEED

15948

**This Deed**, made this 25th day of MAY, 1983, by and between JOHN A. MORELAND, also known as JOHN A. MORELAND, SR., surviving tenant by the entirety of FRANCES MORELAND, deceased, who died testate on or about August 1, 1978, Administration No. 635-79, and ELLEN D. MORELAND, his wife, Parties of the First Part,

JOHN D. WIMSATT and MARJORIE B. WIMSATT, his wife,     parties of the second part:

**Witnesseth**, that in consideration of ONE HUNDRED NINETY FOUR THOUSAND-------- Dollars the parties of the first part do hereby grant unto the parties of the second part, in fee simple as TENANTS BY ENTIRETIES, all those pieces or parcels of land, together with the improvements, rights, privileges and appurtenances to the same belonging, situate in the District of Columbia, described as follows, to wit:

> The East twenty (20) feet by the full depth thereof of Lot numbered Fifty-five (55) and also the West forty (40) feet by the full depth thereof of Lot numbered Fifty-six (56) in Square numbered Twenty Hundred and One (2001) in a subdivision made by the Chevy Chase Land Company of Montgomery County, Maryland, and Fulton R. Gordon, of part of the tract of land called "CHEVY CHASE" as per plat recorded in Liber 61 at folio 10 of the Records of the Office of the Surveyor for the District of Columbia
>
> Said Property being now known for assessment and taxation purposes as Lot(s) numbered Eight Hundred Twenty-eight (828) and Eight Hundred Thirty (830) in Square Twenty Hundred and One (2001).

12848

**And** the said parties of the first part covenant that they will warrant specially the property hereby conveyed; and that they will execute such further assurances of said land as may be requisite.

**Witness** their hands and seals the day and year hereinbefore written.

IN PRESENCE OF

_____     _____ [Seal]
NEAL HAMBLETON                JOHN A. MORELAND
as to each
                             _____ [Seal]
                              ELLEN D. MORELAND

Exhibit A (page 1)

15348

**STATE OF MARYLAND**
**COUNTY OF MONTGOMERY** } SS:

I, NEAL HAMBLETON, a Notary Public in and for the said jurisdiction do hereby certify that JOHN A. MORELAND, a/k/a JOHN A. MORELAND, SR., and ELLEN D. MORELAND, his wife, parties to and who are personally well known to me as the person s who executed the foregoing and annexed Deed bearing date on the 25th day of MAY A.D. 1983, personally appeared before me in said jurisdiction, and acknowledged the same to be their act and deed.

Given under my hand and seal this 26th day of MAY A.D. 1983.

[NOTARY PUBLIC SEAL — NEAL HAMBLETON, MONTGOMERY COUNTY, MD]

My Commission expires: 7/1/86

NEAL HAMBLETON, Notary Public

Jun 1 1 54 PM '83

15948

Deed

Received for Record on the _____ day of _____, A.D. 19___, at _____ o'clock _____ M., and recorded in Liber No. _____ at Folio _____, one of the Land Records of the District of Columbia.

Recorder of Deeds

MAIL TO:

Exhibit A
(page 2)

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PATRICK J. RHODES, JR.** ) | |
| ) | |
| *Plaintiff* ) | |
| ) | Case 1:11-cv-011994 |
| ) | |
| v ) | Judge. Rosemary M Collyer |
| **JOHN D WIMSATT** ) | |
| ) | |
| *Defendant* ) | |

### AFFIDAVIT OF DEFENDANT JOHN D. WIMSATT
### IN SUPPORT OF MOTION TO DISMISS

John D. Wimsatt, being first duly sworn, deposes and says

1  That he is the Defendant in this case.

2  All meetings between me and the Plaintiff regarding the matter at issue in this case occurred outside of the District of Columbia, either in Maryland or in Virginia. We never met in the District of Columbia.

3  The check for $100,000 referenced in Plaintiff's opposition was not deposited in the District of Columbia It was deposited in <u>Maryland</u> in a Maryland account at a Maryland bank, specifically Chevy Chase Bank, in its Chevy Chase Maryland branch.

4  I do not recall where I was when I signed the promissory note. I was going back and forth to Florida at the time and it well could have been signed in Florida.

*/s/ John D Wimsatt*
John D Wimsatt

SUBSCRIBED AND SWORN to before me, a Notary Public in and for
___JOHN  D  WIMSATT_____ this _17th_ day of January, 2012

*/s/ Michael Ramroop*
Notary Public

[Notary Seal: MICHAEL RAMROOP, MONTGOMERY COUNTY, MY COMMISSION EXPIRES MARCH 31, 2013]

Exhibit B